UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWIN AND VIRGINIA JACOBS,

    Appellants,

v.                                    CASE NO. 8:11-CV-227-T-17

TRADITIONAL HOMES BY
HERNANDEZ, INC.

    Appellee.

_____/

ORDER

This cause is before the Court on:

    Dkt. 9    Brief of Appellant
    Dkt. 12  Brief of Appellee
    Dkt. 13  Reply Brief

Appellants appeal the Order on Motion to Annul And/Or for Relief from the Automatic Stay entered on October 8, 2010, and the Order Denying Reconsideration entered on December 21, 2010.

I. Background

Appellee Traditional Homes by Hernandez, Inc. filed a Chapter 7 petition in Bankruptcy Court on June 29, 2009. On September 1, 2010, Appellants Edwin and Virginia Jacobs filed their Emergency Motion to Annul And/or for Relief from the Automatic Stay, seeking a determination by the Bankruptcy Court whether the Automatic Stay, Sec. 362(a), applied to the lawsuit Appellants commenced against

Case No. 8:11-CV-227-T-17

Appellee in Hillsborough County Circuit Court, Case No. 09-CA-028723, on November 17, 2009. In that case, Appellants filed suit against Appellee for defects in the construction of a house Appellee constructed for Appellants. The Complaint (Dkt. 1-9, pp. 3-12) included claims for breach of contract, breach of express warranty, breach of implied warranty of merchantability and fitness, specific performance, and for damages for violation of the Florida Standard Building Code under Ch. 553.84, Florida Statutes. A commercial general liability insurance policy issued by Canal Indemnity Company provided coverage to Appellee for Plaintiff's claims during the relevant time. Appellee's insurance company, Canal Indemnity Company, is not a party to the State Court lawsuit, but had notice of Appellants' claims and retained counsel to represent Appellee in the lawsuit.

Appellants also sought a determination that the filing of Complaint, Service of the Summons, a Clerk's Default and Partial Final Judgment as to Liability were deemed not in violation of the Automatic Stay, and therefore not void and a nullity.

Appellee did not oppose granting Appellants relief from the automatic stay as to the filing and service of the State Court case, but did oppose annulling the stay as to the entry of a Clerk's default and Partial Final Judgment. At the hearing of September 10, 2010, Appellee argued the coverage available to Appellee is subject to the terms and conditions of the policy, including a cooperation clause. Appellee argued that the Clerk's default and Partial Final Judgment on Liability exposed Appellee to damages possibly in excess of the dollar amount and proceeds of the policy, and for items not covered by the policy, such as attorney's fees and statutory violations. Because the default would place the policy in jeopardy under Florida law, Appellee sought to have the Bankruptcy Court determine that the automatic stay was in effect, that the Clerk's default and Partial Final Judgment were therefore void, and to permit the case to proceed on its merits. Appellee did not seek the entry of sanctions against Appellants for violation of the automatic stay.

Case No. 8:11-CV-227-T-17

After a hearing on September 14, 2010, the Bankruptcy Court determined that the Automatic Stay applied. The Bankruptcy Court granted Appellants' Motion to the extent that the filing and service of Appellants' Complaint were deemed to be valid, and denied Appellants' Motion as to the entry of the Clerk's Default on December 22, 2009 and Partial Final Judgment as to Liability entered on January 14, 2010. Those entries were deemed to be void <u>ab</u> <u>initio</u>. The Bankruptcy Court modified the Automatic Stay to allow Appellants to prosecute the State Court case to obtain a final judgment against Appellee and its insurer, but precluded Appellants from executing on any assets of the Appellee, other than insurance policies and any proceeds of insurance policies. The Bankruptcy Court further granted Appellant additional time to file responsive pleadings in the State Court case.

A Notice of Bankruptcy was filed in the State Court case on August 11, 2010. Until that filing, Appellants allege that Appellants had no notice of Appellee's Chapter 7 proceedings. Appellants' State Court counsel did not appear at the September 14, 2010 hearing before the Bankruptcy Court, and Appellants' Bankruptcy counsel did not know that the Bankruptcy Court's concern as to prejudice to Appellee's insurer, Canal, due to lack of notice of the pendency of the State Court action, had been previously addressed by State Court counsel. At the hearing on the Motion for Rehearing on December 7, 2010, Appellants argued that Appellants' State Court counsel had sent Canal notice of the pendency of the State Court action well in advance of the entry of the Clerk's Default and two months prior to the Default Final Judgment. (Dkt. 3, p. 4). Appellants argued that Canal Insurance Company failed to defend, which resulted in the entry of a Clerk's default and entry of a Partial Final Judgment as to liability. Appellants argued that Appellants were prejudiced by Appellee's failure to include them as creditors in Appellee's bankruptcy petition; if Appellants had been given notice of the filing of Appellee's bankruptcy petition in June, 2009, Appellants could have moved for relief from the automatic stay at an earlier time, but instead Appellants filed suit, served Appellee, obtained a default and partial summary judgment as to liability. Appellants

3

Case No. 8:11-CV-227-T-17

argued that, since the Bankruptcy Court allowed Appellants to proceed with their lawsuit, but deemed the Clerk's default and Partial Final Judgment as to liability void ab initio, Appellee filed an Answer in the State Court case, and Appellants have been required to expend additional time and money to pursue the case on its merits. Appellants argue that Appellee acted in bad faith, such that a proper application of the Barr factors should have compelled the Bankruptcy Court to annul the automatic stay as to the Clerk's default and Partial Final Judgment.

At the hearing of December 10, 2011. Appellee argued that when Appellee received the 558 notice, and when Appellee received the lawsuit, Appellee took these notices to Appellee's bankruptcy attorney, in the good faith belief that the lawsuit would be handled within the framework of the Bankruptcy Court, and did not send the notices to Appellee's insurance company. When the Bankruptcy Court deemed the Clerk's default and partial summary judgment void ab initio, and granted additional time to Appellee to file responsive pleadings, Appellee filed an Answer, and the lawsuit proceeded.

Appellants moved for reconsideration and filed Supplements to Appellants' Motion for Reconsideration, showing that Canal had notice of the State Court action. Appellants reasserted that either the Automatic Stay did not apply or the Bankruptcy Court had no power, authority or jurisdiction to reimpose the Automatic Stay so as to prevent the entry of the Clerk's default and Partial Final Judgment.

After a hearing, the Bankruptcy Court denied Appellants' Motion for Reconsideration on December 21, 2010.

II. Standard of Review

The Court reviews the factual findings of the Bankruptcy Court for clear error,

Case No. 8:11-CV-227-T-17

and the resolution of legal questions de novo. A factual finding is clearly erroneous when, although there is evidence to support it, "the reviewing court is left with the definite and firm conviction that a mistake has been committed." Proudfoot Consulting Co. v. Gordon, 576 F.3d 1223, 1230 (11th Cir. 2009).

A decision to lift the automatic stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion. In re Dixie Broadcasting, Inc., 871 F.2d 1023 (11th Cir. 1989)(citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 844 F.2d 844 (1st Cir. 1987); In re Holtkamp, 669 F.2d 505 (7th Cir. 1982)). Under the abuse of discretion standard, the court is allowed a range of choice in reaching its decision and the decision shall be affirmed unless the court "applied the wrong law, followed the wrong procedure, relied on clearly erroneous facts, or committed a clear error in judgment." United States v. Brown, 15 F.3d 1257, 1264-65 (11th Cir. 2005).

II. Discussion

A. 11 U.S.C. Sec. 362 - Automatic Stay

The automatic stay has dual purposes. It protects the debtor from its pre-petition creditors by stopping "'all collection efforts, all harassment, and all foreclosure actions'..." It similarly "protects all creditors by ensuring that the estate will be preserved against attempts by other creditors to gain an unfair advantage with respect to the payment of claims." Martino v. First National Bank of Harvey (In re Garafalo's Finer Foods, Inc., 186 B.R. 414, 435 (N.D. Ill. 1995). The automatic stay is effective against all the world, regardless of whether a party had notice of the bankruptcy filing or of the automatic stay. In re Peralta, 317 B.R. 381, 389 (9th Cir. BAP 2004). In the Eleventh Circuit, actions taken in violation of the automatic stay are void ab initio and therefore without effect. United States v. White, 466 F.3d 1241, 1244 (11th Cir. 2006).

5

Case No. 8:11-CV-227-T-17

This includes orders entered by state courts. In re Clarke, 373 B.R. 769 (Bankr. S.D. Fla. 2006)(citing In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984)).

A. Bankruptcy Court's Order of October 8, 2010 on Emergency Motion to Annul And/or For Relief From Automatic Stay

1. Filing and Service of Appellants' Complaint

Appellants have not appealed the Bankruptcy Court's grant of relief from the Automatic Stay as to the filing and service of Appellants' Complaint.

2. Clerk's Default and Partial Final Judgment

Requests for relief from the automatic stay and to annul the automatic stay are determined on a case by case basis. The Bankruptcy Court has wide discretion to tailor the Court's resolution of a request for relief from the automatic stay to the facts of each case. Appellee filed Appellee's Chapter 7 proceedings on June 29, 2009. Appellants commenced Appellants' lawsuit on November 17, 2009. In this case, the Bankruptcy Court was faced with a range of choices when confronted with Appellants' request for relief from the automatic stay. The Bankruptcy Court could have required Appellants to file a new lawsuit on their claims, since Appellants' lawsuit was in violation of the automatic stay, even if Appellants did not have actual knowledge of Appellee's Chapter 7 proceedings. After considering the totality of the circumstances, including the fact that Appellants proceeded against Appellee only to reach the proceeds of the insurance policy in the event that Appellants prevailed in the lawsuit, the Bankruptcy Court properly granted relief from the automatic stay and annulled the automatic stay as to the filing and service of the lawsuit. The Bankruptcy Court reached a different resolution as to the Clerk's default and Partial Final Judgment, since the presence of a default put the insurance coverage in jeopardy under Florida law. Since the point of

Appellants' lawsuit was to reach the proceeds of the insurance policy for Appellants' alleged losses, the Bankruptcy Court exercised its discretion to deny Appellants' request to annul the automatic stay as to the Clerk's default and Partial Final Judgment. The Bankruptcy Court properly modified the automatic stay to allow Appellants prosecute the State Court case and if appropriate obtain a final judgment against Appellee, and/or Appellee's insurance company. The Bankruptcy properly granted Appellee additional time to file responsive pleadings, and granted Appellants leave to exercise appropriate State Court remedies.

After consideration, the Court finds that the Bankruptcy Court properly exercised its discretion in denying Appellants' Motion for Relief from Automatic Stay or to Annul the Automatic Stay as to the Clerk's default and Partial Final Judgment. The Court **affirms** the decision of the Bankruptcy Court as to this issue.

B. Bankruptcy Court's Order of December 21, 2010 on Motion for Rehearing on Motion to Annul And/or For Relief From Automatic Stay

Appellants moved for rehearing upon learning that Appellee's insurance company received notice of Appellants' lawsuit directly from Appellants, arguing that Appellee exhibited bad faith which should have compelled the Bankruptcy Court to conclude that annulling the automatic stay as to the Clerk's default and Partial Final Judgment was the only correct disposition of Appellants' request for relief from or to annul the automatic stay.

Appellants additional argument does not change the fact that the presence of the default in the State Court lawsuit put the availability of insurance proceeds in jeopardy. Regardless of whether Appellants notified Canal Indemnity Company directly of their lawsuit, Canal's insured, Appellee, had certain duties under the terms and conditions of the policy, the violation of which could void the policy. If Appellants prevailed and

Case No. 8:11-CV-227-T-17

obtained a final judgment against Appellee, and there were no insurance proceeds from which to collect the final judgment, Appellants' final judgment would have then become an additional claim on the property of the estate.

After consideration, the Court finds that the Bankruptcy Court properly exercised its discretion in denying Appellants' Motion for Rehearing. The Court **affirms** the decision of the Bankruptcy Court as to this issue. Accordingly, it is

**ORDERED** that the decisions of the Bankruptcy Court are **affirmed**. The Clerk of Court shall close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 2nd day of February, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record